UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose URIOSTEGUI–OLEA,
Defendant–Appellant.

No. 05–10834.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 24, 2006.

Susan B. Cowger, Sarah Ruth Saldana, U.S. Attorney's Office Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

Jason Douglas Hawkins, Federal Public Defender's Office Northern District of Texas, Dallas, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Jose Uriostegui–Olea raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Rosalio JAIMES–BRITO, Defendant–Appellant.

No. 05–10698.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 24, 2006.

Susan B. Cowger, Sarah Ruth Saldana, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

Jason Douglas Hawkins, Federal Public Defender's Office, Northern District of Texas, Dallas, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Rosalio Jaimes–Brito raises argu-

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

ments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Oscar Rene GUTIERREZ–SALAZAR,**
**also known as Oscar Gutierrez, also**
**known as Oscar R. Gutierrez, also**
**known as Oscar Rene Gutierrez, also**
**known as Oscar Rene Salazar, also**
**known as Oscar Gutierrez Salazar,**
**also known as Oscarrene Salazargu-**
**tierr, also known as Oscar Renee Gu-**
**tierrez, Defendant–Appellant.**

No. 05–51092.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 24, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western

District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Oscar Rene Gutierrez–Salazar raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos Raul GARCIA–SOLIS,**
**Defendant–Appellant,**

---

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.